IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**THOMAS A. ANTHONY, #63579-004**                                 **PETITIONER**

**VERSUS**                                       **CIVIL ACTION NO. 5:07-cv-221-DCB-MTP**

**CONSTANCE REESE, Warden;**
**and DR. ROTH**                                                    **RESPONDENTS**

**MEMORANDUM OPINION**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Anthony, an inmate at the Federal Correctional Institute (FCI)-Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on December 7, 2007. The named Respondents are Constance Reese, Warden at FCI-Yazoo City and Dr. Roth, a psychologist at FCI-Yazoo City. After reviewing the petition [1] and attachment [2] submitted, the Court has come to the following conclusions.

Background

In October of 2004, Petitioner was convicted of the crime of importing methamphetamine into the United States and conspiracy to import methamphetamine by the United States District Court for the Middle District of Florida. Petitioner was sentenced to serve sixty months in the custody of the Bureau of Prisons (BOP) followed by a five-year term of supervised release.

Petitioner complains that the BOP has incorrectly classified him as ineligible for a sentence reduction, under 18 U.S.C. § 3621(e), for completion of the BOP's Residential Drug

Abuse Treatment Program ("RDAP").[1]  Petitioner states that based on a BOP memo dated August 29, 2007, he was expecting to be placed in a Community Confinement Center on November 28, 2007, to complete the remainder of his sentence.  However, Petitioner complains that he was notified on September 10, 2007, that he is not eligible for this sentence reduction based on a previous aggravated battery conviction.  Petitioner complains that several levels of BOP staff reviewed his file over the course of his placement in the program and he was not deemed ineligible for this sentence credit until Dr. Roth conducted a review in September of 2007.  Petitioner argues that since he completed the RDAP on November 21, 2007, he should be considered for and granted a sentence reduction, resulting in his immediate release to a Community Confinement Center.  Petitioner asserts that his Due Process rights under the United States Constitution have been violated by the BOP's revocation of his eligibility for a reduction in his sentence upon completion of an RDAP.

Analysis

According to 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons may reduce sentences for inmates with convictions for nonviolent offenses up to one year when they successfully complete a treatment program.  In order for the Petitioner to be entitled to procedural due process when the BOP revoked his § 3621(e)(2)(B) sentence reduction eligibility, he must have a protected "liberty interest that the prison action implicated or infringed." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007)(*citing Meachum v. Fano*, 427 U.S. 215, 223-224 (1976)).  The Fifth Circuit has

---

[1] "The RDAP program exist pursuant to a statute that grants discretion to the BOP to provide alternative conditions of confinement for prisoners who have completed the program. 18 U.S.C.§ 3621(e)(2)(A).  In addition, upon completion of the program the prisoner's sentence 'may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.' 18 U.S.C. § 3621(e)(2)(B)." *Richardson v. Joslin*, 501 F.3d 415, 417, n.1 (5th Cir. 2007).

clearly articulated that the "Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP," nor does "any statute or regulation." *Id*. at 419-420.  Likewise, the United States Supreme Court, in examining the statutory language of § 3621(e)(2)(B), stated that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau has the authority, *but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001)(emphasis added).  The Fifth Circuit has consistently held that inmates do not have a protected liberty interest in receiving a sentence reduction pursuant to § 3621(e)(2)(B), upon completion of an RDAP.  *Richardson,* 501 F.3d at 420;  *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir.1998).  The Court finds that Petitioner does not have a protected liberty interest in a § 3621(e)(2)(B) sentence reduction, therefore, he was not entitled to the protections of the Due Process Clause when the BOP deemed him ineligible for the sentence reduction.

## Conclusion

As explained above, Petitioner has not suffered a constitutional deprivation entitling him to habeas relief.  Accordingly, this petition for habeas corpus relief will be denied and this case will be dismissed, with prejudice.  A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the   24th     day of January, 2008.


                            s/ David Bramlette
                          UN ITED STATES DISTRICT JUDGE